IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOKOE KABBAH, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-1604 |
| | : | |
| JOSUE R. SAEZ, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

## MEMORANDUM

February 24, 2016

## Background

This pro se civil rights action was filed by Yokoe Kabbah, an inmate

presently confined at the Smithfield State Correctional Institution, Huntingdon,

Pennsylvania (SCI-Smithfield).   Plaintiff thereafter submitted an amended

complaint.  See Doc. 35.

Named as Defendants are the following officials at Plaintiff's prior place of

confinement, the State Correctional Institution, Camp Hill, Pennsylvania (SCI-

Camp Hill): Lieutenant Joe Francis, and Correctional Officers Josue Saez, Keith

Carberry, and James Zablosky ("Corrections Defendants").  Additionally named

as Defendants are Inmate Eric Chea, Cumberland County Pennsylvania,

Cumberland County Assistant District Attorney (ADA) Daniel Sodus, and

Pennsylvania State Trooper Benjamin Wilson.[1]

According to the sparsely worded Amended Complaint, on or about June

18, 2012, the Plaintiff was issued a false disciplinary charge by Defendants Saez

and Zablosky.  Kabbah vaguely asserts that the misconduct, which charged him

with assault, was the result of a conspiracy between Inmate Chea and Correctional

Officers Saez, Zablosky, and Francis.  See Doc. 35, ¶ 19.  The Amended

Complaint further contends that Kabbah requested a grievance form from Saez but

his request was denied by Zablosky.

The Plaintiff next states that he was also criminally prosecuted for allegedly

assaulting Correctional Officer Saez in the Court of Common Pleas of

Cumberland County by ADA Sodus with the assistance of Trooper Wilson and

Cumberland County.[2]  See id. at ¶ 20.  It is unclear from the Amended Complaint

as to whether the criminal charge also stemmed from the June 18, 2012 incident.

However, Kabbah contends that he was acquitted of the charge on May 5, 2014.

Plaintiff concludes that he was subjected to malicious prosecution by ADA Sodus;

Trooper Wilson, Cumberland County, and CO Saez.

---

[1]   Although not properly described by the Amended Complaint, the Original
Complaint clearly identifies Wilson as being a State Trooper.  See Doc. 1, p. 3.

[2]   It should be noted that SCI-Camp Hill is located in Cumberland County.

As a result of the aforementioned misconduct charge, Plaintiff avers that he was transferred to the SCI-Camp Hill Restricted Housing Unit (RHU).  Kabbah asserts that he was placed in a cold cell by Defendants Francis, Saez, and Zablosky without clothing.  He remained there for 39 days and was only given water every two days.  The Amended Complaint seeks compensatory and punitive damages as well as declaratory relief.[3]

Presently pending is the Corrections Defendants' motion to dismiss the Amended Complaint.  See Doc. 38.  The unopposed motion is now ripe for consideration.

**Discussion**

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under  Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v.

---

[3]  The Amended Complaint further alleges that Plaintiff was subsequently transferred to SCI-Somerset where he was physically assaulted by several correctional officers.  See id. at ¶¶ 16-18.  However, since no SCI-Somerset officials are named as defendants in this matter, said claim will not be entertained.

<u>Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007)(quoting <u>Evancho v. Fisher</u>, 423 F.3d

347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to

relief.  <u>See</u> Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short

and plain statement of the claim showing that the pleader is entitled to relief"); <u>Bell</u>

<u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  This requirement "calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence

of" the necessary elements of the plaintiff's cause of action.  <u>Id</u>. at 556.  A

complaint must contain "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." <u>Id</u>.  Legal conclusions must be supported by factual

allegations and the complaint must state a plausible claim for relief.  <u>See id</u>. at 679.


"Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555.  The reviewing court

must determine whether the complaint "contain[s] either direct or inferential

allegations respecting all the material elements necessary to sustain recovery under

4

some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).  Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

## Eleventh Amendment

Corrections Defendants' initial contention is that the claims for money damages against them in their official capacities must be dismissed because they are entitled to immunity under the Eleventh Amendment.  See Doc. 39, p. 7.

The Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages.  Walker v. Beard, 244 Fed. Appx. 439, 440 (3d Cir. 2007); see also A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d Cir. 2003).  Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency.  Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989); Garden State Elec. Inspection Serv. v. Levin, 144 Fed. Appx. 247, 251 (3d Cir. 2005).  As such, Kabbah's damage claims brought against the Corrections Defendants in their official capacities are considered to be against the state itself

and are barred by the Eleventh Amendment.[4]

## Statute of Limitations

Corrections Defendants next contend that Plaintiff's allegations which occurred prior to August 10, 2012 are time barred. See Doc. 39, p. 9. In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir. 1996). The United States Supreme Court clarified its decision in Wilson when it held that courts considering civil rights claims should borrow the general or residual [state] statute for personal injury actions. Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D. Pa. 1996).

Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).

--------

[4] Kabbah's claim for declaratory relief against Corrections Defendants in their official capacities, however, is not barred by the Eleventh Amendment. See Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. Brenner v. Local 514, 927 F. 2d 1283, 1295 (3d Cir. 1991). It is also well settled that a person may realize he has been injured but is not adequately apprised as to the cause of his injury. See McGowan v. University of Scranton, 759 F.2d 287 (3d Cir. 1985). In Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit recognized two doctrines, equitable tolling and the discovery rule, which may extend the statute of limitations.

The statute of limitations may be subject to equitable tolling where it is shown that the plaintiff exercised reasonable diligence in bringing his claims. Campbell v. Kelly, 87 Fed. Appx. 234, 236 (3d Cir. 2003). The discovery rule is a judicially created principle which tolls the statue of limitations in cases where a reasonable person in the plaintiff's shoes lacks the critical facts to put him on notice that he needs to investigate.

However, it has been recognized that the limitations period in a civil rights

action will begin to run even if the Plaintiff does not know all the facts necessary for his claim. All that is required is that the plaintiff have sufficient notice to place him on alert of the need to begin investigating. Gordon v. Lowell, 95 F. Supp.2d 264, 272 (E.D. Pa. 2000). Under Gordon a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Id. This Court is satisfied that Plaintiff had the necessary information to pursue his pending claims of a false misconduct charge, denial of a grievance form, and unconstitutional conditions of confinement against the Corrections Defendants on the dates in which they occurred.

Under the mailbox standards announced in Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court) , this Court agrees with Corrections Defendants' unopposed observation that Kabbah's Complaint, although dated July 25, 2014, should be deemed filed as of August 10, 2014, the date of his accompanying cover letter to the Clerk of Court.[5] See Doc. 1, p. 11.

With respect to the Corrections Defendants, the Amended Complaint claims that Plaintiff was issued a false misconduct charge and denied a grievance form on

---

[5] The Court will assume that the Complaint was given to prison personnel for the purpose of it being mailed to this Court on said date. Kabbah's Complaint was received and docketed on August 15, 2014.

June 18, 2012 and was subjected to unconstitutional conditions of confinement for a 39 day period beginning that same day (June 18, 2012 to July 28, 2012).    In light of Plaintiff's failure to respond to the motion to dismiss, there is no discernible basis which would warrant an extension of the statute of limitations. Furthermore, it has not been asserted, nor is it apparent to this Court that the continuing pattern exception is applicable to those allegations.  This action clearly seeks relief against the Corrections Defendants based upon on actions which accrued more then two years prior to the August 10, 2014 filing of this action. Consequently, the Corrections Defendants' unopposed request for entry of dismissal on the basis that Kabbah's action is barred by the controlling two year statute of limitations will be granted.

**Personal Involvement**

Corrections Defendants also assert that since there are no allegations raised against Captain Carberry in the Amended Complaint, he is entitled to entry of dismissal on the basis of lack of personal involvement.  <u>See</u>  Doc. 39, p. 10.  They add that since there are no contentions that any of the Corrections Defendants were involved in Plaintiff's day to day care afer he was placed in the SCI-Camp Hill RHU, his claims of being subjected to 39 days of unconstitutional conditions of confinement must also fail.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Civil rights claims brought cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Prisoners also have no constitutionally protected right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the

[grievance] procedures are constitutionally mandated."); Speight v. Sims, 283 Fed. Appx. 880, 881  (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).  Pursuant to those decisions, any attempt by a prisoner to establish liability against a correctional official based upon the handling of his administrative grievances or complaints does not support a constitutional claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Based upon a liberal review of the Amended Complaint, this Court agrees

11

with Corrections Defendants' unopposed argument that there are no factual assertions of personal involvement in constitutional misconduct set forth against Defendant Carberry.  Thus, it appears that Kabbah is seeking to establish liability against Captain Carberry based upon either his supervisory capacity within SCI-Camp Hill or his responses or lack of action to Plaintiff's administrative grievances or complaints.  Those types of assertions are simply insufficient for establishing civil rights liability.  Carberry's request for dismissal on the basis of lack of personal involvement will therefore be granted.

Furthermore, review of the Amended Complaint also shows that there are no claims that any of the Corrections Defendants were involved in Plaintiff's supervision following his placement in the RHU.  Thus, the Corrections Defendants' unopposed request for dismissal of Kabbah's claims of being subjected to unconstitutional conditions of confinement for 39 days on the basis of lack of personal involvement must also be granted.


**<u>Conspiracy</u>**

Plaintiff also asserts that all of the Defendants participated in a conspiracy to either subject him to either a false misconduct charge and unwarranted RHU confinement and/or a malicious state court criminal prosecution

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations."  Rose, 871 F.2d at 366.  Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.  Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right.  Id.; Rose, 871 F.2d at 366; Young, 926 F.2d at 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982).  Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted

13

activity.  Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff

cannot rely on subjective suspicions and unsupported speculation.  Young v. Kann,

926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).

Based upon a liberal review of the Amended Complaint, it is clear that

Plaintiff has failed to state a viable conspiracy claim against any Defendant.

Kabbah has not alleged any facts showing communication, cooperation, or

command among any Defendants from which an agreement could be inferred.

Rather, it appears to this Court that Plaintiff is simply speculating that the alleged

filing of an alleged false misconduct charge and a state criminal charge was the

result of a conspiracy.  However, there are no averments of fact set forth in the

Amended Complaint that reasonably suggest the presence of an agreement or

concerted activity between any correctional staff, state officials, or Inmate Chea to

violate Plaintiff's civil rights. [6]


**Cumberland County**

Title 28 U.S.C. § 1915 (e)(2)(B)(I) permits a court to dismiss a claim at any

time if it determines that the claim is frivolous or malicious.

---

[6] Based upon the Court's determinations herein, a discussion of the Corrections
Defendants' qualified immunity argument is not necessary.

A municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, may be a "person" subject to suit under 42 U.S.C. § 1983 <u>Monel</u>, 436 U.S. at 690-91 ("Congress <u>did</u> intend municipalities and other local government units to be included among those persons to whom § 1983 applies.")  "Local governing bodies, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Id</u>.  <u>See also</u> <u>Board of County Comm'rs of Bryan County, OK v. Brown</u>, 520 U.S. 398, 403-07 (1997); <u>Roman v. Jeffes</u>, 904 F.2d 192, 196-97 (3d Cir. 1990); <u>Illiano v. Clay Township</u>, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

However, it has been repeatedly held that a local government unit may not be subjected to § 1983 liability on a theory of <u>respondeat superior</u>.  <u>Bryan County</u>, 520 U.S. at 403; <u>City of Canton v. Harris</u>, 489 U.S. 378, 392 (1989); <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 478-79 (1986); <u>Monell</u>, 436 U.S. at 691; <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996); <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1480 (3d Cir. 1990).  Rather, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." <u>Bryan County</u>, 520 U.S. at 403; <u>Beck</u>,

89 F.3d at 971.  In <u>Bryan County</u>, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> . . . [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

<u>Id</u>. at 404; <u>see</u> <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1213 (3d Cir. 1996).

The Third Circuit has held that a local government unit can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"  <u>Andrews</u>, 895 F.2d at 1480 (citing <u>Monell</u>, 436 U.S. at 694).  Custom can be established by proof of knowledge and acquiescence.  <u>Fletcher v. O'Donnell</u>, 867 F. 2d 791, 793-4 (3d Cir. 1989).

With respect to Cumberland County, there is no discernible contention that Plaintiff's criminal prosecution in Cumberland County was the result of any unconstitutional county policy or custom.  As such, this is not a case where liability is being asserted based upon wide spread conditions or customs so common as to infer official knowledge and adoption of the violation.  Based upon those

16

considerations, a viable claim has not been set forth against Cumberland County

and sua sponte dismissal will be granted in favor of this Defendant.

**ADA Sodus**

It is well-established that a state prosecuting attorney is absolutely immune

from liability for damage under Section 1983 for acts such as the initiation of the

prosecution and presentation of the state's case which are intimately associated with

the judicial phase of the criminal process.  Imbler v. Pachtman, 424 U.S. 409, 420

(1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996).

However, only qualified immunity is available to prosecutors with regard to

allegations based on their administrative and/or investigative duties.  See Hawk v.

Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).

Any allegations that Cumberland County ADA Sodus unlawfully approved

the filing of and /or prosecuted criminal charges against the Plaintiff are claims

which are "intimately associated with the judicial phase of the criminal process."

See Imbler, 424 U.S. at 430.  Therefore, ADA Sodus is absolutely immune from

damages with respect to any such malicious prosecution claim.  Sua sponte

dismissal will be granted in favor of Defendant Sodus.

**Inmate Chea/Trooper Wilson**

Clearly, there are no facts presented which could support a claim that Inmate Chea was acting under color of law.  Thus, the only potential basis for a claim against Chea would be that the prisoner engaged in a conspiracy with state actors to violate the Plaintiff's constitutional rights.  The only such discernible assertion raised against Inmate Chea in the Amended Complaint is a vague contention that the prisoner conspired with correctional officers to subject the Plaintiff to a false misconduct charge.  With respect to Trooper Wilson , the Amended Complaint vaguely indicates only that Wilson was somehow involved in Kabbah's state criminal prosecution and as such engaged in a conspiracy to violate the Plaintiff's constitutional rights.

However, as discussed earlier herein there are no supporting facts provided by the Plaintiff to support a viable claim of conspiracy against Inmate Chea, Trooper Wilson,  or any other individual.   Accordingly, for the same reasons previously set forth above, sua sponte dismissal will be granted in favor of the Defendants Chea and Wilson with respect to the wholly speculative claim of conspiracy.

18

**Pendent Jurisdiction**

Plaintiff also generally indicates that he wishes to pursue state law claims against the Defendants. It is well settled that federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976).  Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3) (1997).  When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants.  New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim.  Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)).  However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing

so." <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995).  Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claims that Plaintiff wishes to pursue.

An appropriate Order follows.

BY THE COURT:

<u>  s/ Matthew W. Brann        </u>
Matthew W. Brann
United States District Judge

20